NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 10 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VLADIMIR ANTONIO RIVAS GOCHEZ, Petitioner, v. JEFFERSON B. SESSIONS, Attorney General, Respondent. | No. 11-73416 Agency No. A088-738-224 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2017**
Pasadena, California

Before: THOMAS, Chief Judge, and KLEINFELD and NGUYEN, Circuit Judges.

Vladimir Antonio Rivas Gochez petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from the Immigration

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Judge's ("IJ") decision denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

**1.** The IJ's decision was not "affirmed without opinion." 8 C.F.R. § 1003.1(e)(4)(ii). Rivas Gochez's contention that the BIA denied him due process by "streamlining" its decision, *see Lanza v. Ashcroft*, 389 F.3d 917, 919 (9th Cir. 2004), is therefore frivolous.

**2.** The BIA found that Rivas Gochez's asylum application, filed more than two years after his arrival, was untimely. *See* 8 U.S.C. § 1158(a)(2)(B). That "many people" told Rivas Gochez "asylum wasn't being granted" and he was unaware of the deadline are not changed or extraordinary circumstances that excuse the delay. *See id.* § 1158(a)(2)(D); 8 C.F.R. § 208.4(a)(4)-(5); *Sumolang v. Holder*, 723 F.3d 1080, 1082 (9th Cir. 2013) (finding "ignorance of the one-year filing deadline" was not an extraordinary circumstance). We lack jurisdiction to review the BIA's factual determination that Rivas Gochez "was not a minor when he was placed in removal proceedings." *See* 8 U.S.C. § 1158(a)(3); *Su Hwa She v. Holder*, 629 F.3d 958, 962 (9th Cir. 2010). We therefore dismiss the petition as to asylum.

**3.** Substantial evidence supports the BIA's determination that, even if Rivas Gochez credibly established past persecution,[1] the presumption of future persecution was rebutted by evidence that he could relocate within El Salvador and it would be reasonable for him to do so. *See* 8 C.F.R. § 1208.16(b)(1)(i)(B). Rivas Gochez came from a small town of 5,500 people where he lived without incident for 16 months after the one attack on him by gang members. Other members of his now-disbanded Catholic vocal group moved elsewhere in El Salvador, a majority Catholic country, and none of them have had problems with the gang. Thus, we deny his petition as to withholding of removal.

**4.** Substantial evidence supports the BIA's determination that Rivas Gochez is ineligible for CAT relief because the claimed torture was by gang members, not by or with the acquiescence of a government official, and there is no evidence that government-sanctioned torture will occur in the future. *See* 8 C.F.R.

---

[1] The BIA affirmed the IJ's implied finding that Rivas Gochez had not suffered past persecution because he was not targeted due to his anti-gang political opinion, but rather because of economic and personal reasons. In making this finding, however, the IJ applied the "at least one central reason" test that we recently rejected in applications for withholding of removal. *See Barajas-Romero v. Lynch*, No. 13-70520, 2017 WL 192711, at \*6 (9th Cir. Jan. 18, 2017). However, for the reasons explained above, we need not decide whether Rivas Gochez established past persecution.

3

§ 208.18(a)(1); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

**PETITION DISMISSED IN PART AND DENIED IN PART.**